UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
KRISTIN DUPREE,

                                MEMORANDUM AND ORDER

            Plaintiff,                        CV 06-6190

          -against-                         (Wexler, J.)

JOHN C. BIVONA,

            Defendant.
------------------------------------------------------X
APPEARANCES:

    KENNETH COOPERSTEIN, ESQ.
    Attorney for Plaintiffs
    54 Harbor Park Drive
    Centerport, New York 11721

    ANDREW M. CUOMO,
    ATTORNEY GENERAL OF THE STATE OF NEW YORK
    BY: PATRICIA M. HINGERTON, ESQ., ASSISTANT ATTORNEY GENERAL
    Attorneys for Defendant
    300 Motor Parkway, Suite 205
    Hauppauge, New York 11788

WEXLER, District Judge

      This is a case alleging a civil rights cause of action pursuant to 42 U.S.C. § 1983. Named as the Defendant is John C. Bivona, a Justice of the Supreme Court of the State of New York ("Justice Bivona"). Justice Bivona is alleged to have denied Plaintiff of her civil rights when he entered an order of receivership in connection with Plaintiff's divorce action. Presently before the court is Justice Bivona's motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss. Dismissal is sought on the grounds of absolute judicial immunity, the

Rooker-Feldman doctrine, the Eleventh Amendment and the domestic relations exception to federal jurisdiction. For the reasons set forth below, the motion is granted.

## BACKGROUND

I. The Divorce Action and the Allegations of the Complaint

This case arises out of a divorce proceeding presided over by Justice Bivona. The divorce proceeding was commenced in October of 2002 by Keith Dupree, Plaintiff Kristin Dupree's now ex-husband. Plaintiff's complaint alleges that in the course of the divorce action, Keith Dupree presented an emergency application to Justice Bivona seeking to be appointed temporary receiver in connection with the refinancing of the marital residence. Keith Dupree's application for the receivership is alleged to have contained false statements regarding his intentions with respect to the property. Upon the granting of the receivership, Keith Dupree is alleged to have conveyed the marital residence to himself, encumbered the property with a mortgage and paid nothing to Plaintiff.

Justice Bivona is alleged to have appointed Keith Dupree as temporary receiver without requiring the posting of a bond. It is also alleged that Plaintiff's attorney was not given proper notice of the application. The appointment of Keith Dupree as temporary receiver without requiring a bond is alleged to be contrary to law and "in the clear absence of jurisdiction."

## DISCUSSION

I. Standard For Motion To Dismiss

In Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court rejected the "oft-quoted" standard set forth in Conley v. Gibson, 355 U.S. 41, 78 (1957), that a complaint should not be dismissed, "unless it appears beyond doubt that the plaintiff can prove no set of

2

facts in support of his claim which would entitle him to relief." Id. at 45-46. The court discarded the "no set of facts" language in favor of the requirement that plaintiff plead enough facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974.

The "plausibility" language used by the Supreme Court in Bell Atlantic, has not been interpreted by the Second Circuit to require a "universal standard of heightened fact pleading," but to require a complaint to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible.*" Iqbal v. Hasty, 490 F.3d 143, 158 (2d Cir.2007) (emphasis in original). Further, courts have noted that while heightened factual pleading is not the new order of the day, Bell Atlantic holds that a "formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Williams v. Berkshire Fin. Grp. Inc., 491 F. Supp.2d 320, 324 (E.D.N.Y. 2007), quoting, Bell Atlantic Corp., 127 S. Ct. at 1959.

In the context of a motion to dismiss, this court must, as always, assume that all allegations set forth in the complaint are true and draw all inferences in favor of the non-moving party. Watts v. Services for the Underserved, 2007 WL 1651852 *2 (E.D.N.Y. June 6, 2007). The court must ensure, however, that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. While a Rule 12 motion is directed only to the sufficiency of the pleading, the court determining the motion may rightfully consider written documents attached to the complaint as well as documents incorporated thereto by reference and those of which plaintiff had knowledge and relied upon in commencing her lawsuit. See Brass v. Amer. Film Techn., Inc., 987 F.2d 142, 150 (2d Cir.

3

1993); Watts, 2007 WL 1651852 *2.

II.  Judicial Immunity

Judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. Stump v. Sparkman, 435 U.S. 349, 356-67 (1978); Tucker v. Outwater, 118 F.3d 930, 932 (2d Cir. 1997); Miller v. Nassau, 467 F. Supp.2d 308, 312 (E.D.N.Y. 2006); Sharp v. Bivona, 304 F. Supp.2d 357, 363 (E.D.N.Y. 2004); see Mireles v. Waco, 502 U.S. 9, 9-12 (1991); Maestri v. Jutkofsky, 860 F.2d 50, 52-53 (2d Cir.1988). This immunity has been held applicable to actions brought pursuant to 42 U.S.C. § 1983. Tucker, 118 F.3d at 933. Absolute immunity exists even where the judicial officer is accused of acting in error, maliciously or in excess of his authority. Root v. Liston, 444 F.3d 127, 132 (2d Cir. 2006); Tucker, 118 F.3d at 933; Lewittes v. Lobis, 2004 WL 1854082 *3 (S.D.N.Y. 2004), quoting, Pierson v. Ray, 386 U.S. 547,554 (1967). The doctrine applies "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Id., quoting, Bradley v. Fisher, 80 U.S. 335, 347 (1871).

Judicial immunity is defeated only if: (1) the action is non-judicial, i.e., not taken in the judge's judicial capacity; or (2) the action, although judicial in nature, is performed in the complete absence of all jurisdiction. Mireles, 502 U.S. at 11-12; Tucker, 118 F.3d at 933; Miller, 467 F. Supp.2d at 312. The latter ground has both an objective and subjective component. Thus, it must be shown: (1) that no reasonable judge would have thought jurisdiction was proper and (2) that the judge actually knew or must have known of the jurisdictional defect. Tucker, 118 F.3d at 934; Lewittes v. Lobis, 2004 WL 1854082 *6 (S.D.N.Y. 2004). There is a difference between acting "in excess of jurisdiction," and acting "in the clear absence of jurisdiction over

4

the subject matter." See Tucker, 118 F.3d at 333. A judge "is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." Tucker, 118 F.3d at 333.

III. The Claim Against Justice Bivona Is Barred by Judicial Immunity

There is no question that all allegations set forth in Plaintiffs' complaint fall squarely within the doctrine of judicial immunity. The allegations of wrongdoing relate solely to the decisions of Justice Bivona in connection with the Dupree divorce, a matter over which Plaintiff makes clear Justice Bivona was presiding. Statements in the complaint that Justice Bivona acted either maliciously or corruptly do nothing to overcome judicial immunity. Plaintiff makes no allegation that can be construed to allege either non-judicial acts or that any act was undertaken in the absence of jurisdiction. Under these circumstances, the complaint against Justice Bivona must be dismissed on the ground of judicial immunity and the court need not address the various other grounds urged in support of the motion to dismiss.

## CONCLUSION

Defendant's motion to dismiss the complaint is granted. The Clerk of the Court is directed to terminate the motion and to close the file in this case.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Central Islip, New York
October    2007